# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT V. JUSTICE,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | Civil Action 10-00568 (HHK) |

## MEMORANDUM OPINION

Robert V. Justice, proceeding *pro se*, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the Internal Revenue Service ("IRS"). Justice seeks to compel the release of a letter purportedly written by the Commissioner of the IRS in 1985. After searching its records, the IRS did not find the requested letter.

Before the Court is the IRS's motion for summary judgment and Justice's opposition thereto. Upon consideration of the IRS's motion, the opposition thereto, and the summary-judgment record, the Court concludes that the motion should be granted.

## I. BACKGROUND

Justice's FOIA request seeks "a letter sent by Commissioner Roscoe L. Egger, Jr. of the IRS to all district directors dated April 4, 1985." Compl., Ex. A at 1. The letter Justice seeks purportedly advises IRS officials that they should issue a tax refund to individuals upon request because the Sixteenth Amendment was not properly ratified. *See* Justice Decl., Ex. 1. In response to Justice's request, Sharon House, the FOIA coordinator for the Commissioner's office, located five boxes of records from the Commissioner's reading file. Def.'s Mot. for

Summ. J., Ex. 1 (Decl. of Sharon House) ("House Decl.") ¶¶ 10–11. House searched those documents because the "reading file generally consists of correspondence written by the Commissioner" and "I knew that it was likely that if the requested document existed, it would probably be located" in that file. *Id.* ¶¶ 9–10. House reviewed the boxes but did not find the letter sought by Justice. *Id.* ¶¶ 12–13. House also asked an IRS librarian to attempt to locate the letter; the librarian responded by informing House that "[t]here were things from that month, but nothing from that day, nor signed by the Commissioner." *Id.* ¶ 13.

On May 11, 2005, the IRS informed Justice that it could not locate the requested letter. Compl., Ex. B. Justice appealed this finding, but was informed by the IRS that the agency had already conducted an adequate search. *Id.*, Exs. C, D. This suit followed.

## II. ANALYSIS

### A.    Legal Standard

FOIA provides access to federal agency records, subject to certain specified exceptions. 5 U.S.C. § 552(a), (b). In response to a FOIA request, an agency must "conduct[] a search reasonably calculated to uncover all relevant documents." *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1985)) (internal quotation marks omitted).

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When the adequacy of an agency's search for requested records is at issue, an agency is entitled to summary judgment if it demonstrates that "it has conducted a search reasonably

calculated to uncover all relevant documents." *Steinberg*, 23 F.3d at 551 (quoting *Weisberg*, 745 F.2d at 1485) (internal quotation marks omitted).

In resolving disputes about the adequacy of a search, an agency's declaration is entitled to a presumption of good faith. *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). To challenge an agency's showing that it complied with FOIA, a plaintiff must point to evidence of bad faith. *Moore v. Aspin*, 916 F. Supp. 32, 35–36 (D.D.C. 1996). In doing so, however, it is not enough to make "'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs.*, 926 F.2d at 1200 (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

**B.     The IRS is Entitled to Summary Judgment**

An agency may submit affidavits or declarations to show that its search for responsive records "us[ed] methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). The affidavits or declarations must be "reasonably detailed" and "set[] forth the search terms and type of search performed, and aver[] that all files likely to contain responsive materials (if such records exist) were searched." *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995) (internal citation and quotation marks omitted). Conclusory statements asserting that the agency has reviewed all relevant files will not suffice. *Id.*

In this case, the IRS argues that it fully complied with its obligations under FOIA to execute an adequate search. In support of its argument, the IRS provides House's declaration describing the agency's search for the letter sought by Justice. *See generally* House Decl. Justice responds with a declaration of his own, stating that he is unable to present any facts in

3

opposition to the IRS's motion because he has not been allowed to pursue discovery. He also avers that House's declaration should not be accorded a presumption of good faith because the letter he seeks to disclose was "ordered destroyed." Justice Decl. ¶ 4. Justice's arguments lack merit.

The record establishes that the IRS conducted searches that were reasonably expected to produce the requested information. *See Steinberg*, 23 F.3d at 551. In particular, House states in her declaration that she and an IRS librarian searched for the letter in locations that House reasonably believed would contain letters authored by the Commissioner during the year in which Justice contends the letter was penned. House Decl. ¶¶ 9–13. The declaration is detailed and specific, allowing the Court to conclude that the relevant files were likely searched. *See Nation Magazine*, 71 F.3d at 890.

With respect to Justice's argument that House's declaration is not entitled to a presumption of good faith because the letter was "ordered destroyed," the Court cannot agree. Declarations such as House's are accorded a presumption of good faith. *SafeCard Servs.,* 926 F.2d at 1200. The presumption cannot be rebutted by "purely speculative claims." *Id*. Justice's contention that the requested letter was "ordered destroyed" amounts to a "purely speculative claim," as he does not provide any evidence in support of this assertion. Furthermore, the fact that the IRS did not locate the requested letter does not advance Justice's case. An agency's search will not be presumed inadequate simply because the agency did not find the requested documents. *Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 391 (D.C. Cir. 2007). Accordingly, the Court finds that the IRS complied with its search obligations.

C.     **Justice is Not Entitled to Discovery**

Justice requests discovery under Rule 56(f) of the Federal Rules of Civil Procedure,[1] arguing that discovery would raise genuine issues of material fact. In FOIA actions, however, discovery is disfavored. *Judicial Watch, Inc. v. U.S. Dep't of Justice*, 185 F. Supp. 2d 54, 65 (D.D.C. 2002) (citing *Nation Magazine,* 71 F.3d at 892; *Oglesby*, 920 F.2d at 68). Courts permit discovery in FOIA cases where a "plaintiff has made a sufficient showing that the agency acted in bad faith." *Voinche v. FBI*, 412 F. Supp. 2d 60, 72 (D.D.C. 2006) (citing *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994)).

Justice asserts that the requested letter was "ordered destroyed." Justice Decl. ¶ 4. As the Court indicates above, such an assertion is purely speculative, as Justice has failed to provide any evidence in support of this contention. Because discovery in FOIA cases is the exception and not the rule, and because Justice has failed to adduce any evidence that the IRS has acted in bad faith, the Court denies his discovery request.

### III. CONCLUSION

As set forth above, the IRS has demonstrated that it conducted searches reasonably expected to produce the requested letter. Accordingly, the IRS's motion for summary judgment will be granted. A separate order accompanies this memorandum opinion.

Henry H. Kennedy, Jr.<br>
United States District Judge

---

[1] Since Justice responded to the IRS's motion for summary judgment, Rule 56(f) has been recodified "without substantial change" as Rule 56(d). Fed. R. Civ. P. 56(d) 2010 amend. cmt. (2010).